IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES,

    Plaintiff,       2:12-cr-00021-KJM-1

 vs.

ERIKA MEZA-PENA,

    Defendant.     <u>ORDER</u>

_____/

    This matter is before the court on defendant's motion to change the method by which the balance of her sentence is served. (ECF 23.) In her motion, defendant moves this court to permit her to serve the remainder of her sentence in home confinement or in a halfway house. As provided the opportunity by the court (ECF 24), the United States filed opposition to this motion. (ECF 25.) The court lacks jurisdiction to grant the requested relief, and defendant's motion is thus DENIED.

    The court recently entertained and denied defendant's motion to reduce her sentence under 28 U.S.C. § 2255. In that motion, the court found that the advisory guidelines calculations for defendant's sentence were correct. (ECF 21.) Similarly, the court's imposition of a prison term is also in keeping with the guidelines. Defendant's baseline offense level of 17 (ECF 16 at 5) is in Zone D of the Sentencing Table. U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A (2012). "If the applicable guideline range is in Zone D of the Sentencing Table, the

1

minimum term shall be satisfied by a sentence of imprisonment." *Id.* § 5C1.1(f). The Commentary to subsection 5C1.1(f) clarifies that a sentence of imprisonment must be satisfied without use of any of the "imprisonment substitutes" identified in subsection 5C1.1(e), such as home confinement or a halfway house. *Id.* § 5C1.1, cmt. n.9 (2012). The court committed no error in sentencing.

In this motion, the defendant argues that the Family Unity Demonstration Project (the "Project"), 42 U.S.C. § 13882 *et seq.*, enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, requires the Bureau of Prisons to provide halfway house-like facilities for qualifying parent-inmates. (ECF 23 at 1-2.) However, Congress authorized funding for the Project only through the 2000 fiscal year. 42 U.S.C. § 13883. Furthermore, no funds were actually appropriated for this program. DRUGS, WOMEN, AND JUSTICE 36 (James A. Swartz et al. eds., 2006); *see also United States v. Wright*, No. 2:06-CR-834 TS, 2008 WL 4219076, at *1 (D. Utah Sept. 15, 2008) ("[N]either § 13882 nor any other section of the Family Unity Demonstration Project authorizes the sentencing court to modify a federal sentence after it has been imposed.").

Except in the limited circumstances provided in 18 U.S.C. § 3582(c), a court "may not correct or modify a sentence of imprisonment once it has been imposed." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1775 (2012). Section 3582(c) provides only three exceptions to this broad prohibition: (1) upon the motion of the Director of the Bureau of Prisons; (2) where the modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). These exceptions are not applicable here. The Director of the Bureau of Prisons has made no motion to modify the defendant's sentence. The defendant has provided no statute expressly permitting the court to modify her sentence.[1] Federal Rule of Criminal

---

[1] Defendant also refers to 18 U.S.C. § 3553 (ECF 23 at 1), but this provision does not provide a basis for modifying an existing sentence. *See Aguilar-Reyes*, 653 F.3d at 1055 ("18 U.S.C. § 3553 … provides no basis for modifying a sentence.").

2

Procedure 35 only permits the court to correct sentences within fourteen days of sentencing that resulted from "arithmetical, technical, or other clear error," FED. R. CRIM. P. 35(a), and is clearly inapplicable. Lastly, the sentencing range used to calculate the defendant's sentence has not been subsequently modified, and as previously discussed, was accurately applied in the first instance.

      Accordingly, the court finds no legal basis for granting defendant's motion. The motion is DENIED.

      IT IS SO ORDERED.

DATED: June 13, 2013.

                                                                             _____
                                                                              UNITED STATES DISTRICT JUDGE